# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR LEONEL PICART,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. ENONMEH, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00157-SMS PC<br><br>ORDER STRIKING PLAINTIFF'S DECLARATION AND EXPLANATION FOR FILING ADDITIONAL EXHIBITS<br><br>(ECF Nos. 12, 13)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 21) |

## I.    Procedural History

Plaintiff Hector Leonel Picart ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on January 28, 2011, alleging violations of the Americans With Disabilities Act and deliberate indifference due to the failure to refer him to a specialist for his Tourette's Syndrome, denial of orthopedic shoes and physical therapy, and state law claims. (ECF No. 1.) On February 22, 2011, Plaintiff filed a declaration and a memorandum and points of authority and explanation for filing additional attachments. (ECF Nos. 12, 13.) On May 5, 2011, Plaintiff filed an affidavit requesting he be transferred to the California Medical Facility to receive adequate treatment for his Tourette's Syndrome.

## II.   Additional Exhibits to Complaint

Local Rule 220 provides, in relevant part, every pleading shall be "complete in itself without reference to the prior or superseded pleading." Plaintiff seeks to add his declaration and exhibits to

1 the complaint. However, under Rule 220, Plaintiff may not amend the complaint by adding
2 information or exhibits piecemeal after the complaint has been filed. An amended complaint
3 supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997);
4 King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference
5 to the prior or superceded pleading." Local Rule 220. To add the exhibit, Plaintiff must file a new,
6 amended complaint. Once an amended complaint is filed, the original complaint no longer serves
7 any function in the case. Therefore, in an amended complaint, as in an original complaint, each
8 claim and the involvement of each defendant must be sufficiently alleged.

9 Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's
10 pleading once as a matter of course at any time before a responsive pleading is served. Otherwise,
11 a party may amend only by leave of the court or by written consent of the adverse party, and leave
12 shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not
13 amended the Complaint, and no responsive pleading has been served in this action, Plaintiff has
14 leave to file an amended complaint as a matter of course.

15 Plaintiff is advised that for screening purposes, the Court must assume that Plaintiff's factual
16 allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support
17 of the allegations in a complaint. Plaintiff's declaration and explanation for filing additional exhibits
18 will be stricken from the record.

19 **III.    Motion for Injunctive Relief**

20 Plaintiff filed a motion seeking an order transferring him to a medical facility in light of his
21 current medical condition. The federal court's jurisdiction is limited in nature and its power to issue
22 equitable orders may not go beyond what is necessary to correct the underlying constitutional
23 violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth
24 Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better
25 Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101,
26 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).
27 Plaintiff's claim in this action arises from past incidents in which Defendants failed to accommodate
28 his medical needs. The pendency of this action does not confer on the Court jurisdiction to issue an

order directing that Plaintiff be transferred to a medical institution, because such an order would not remedy the underlying legal claim, which involves Defendants' past conduct. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-04; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at 969.

Additionally, the Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The relief Plaintiff is seeking is not narrowly drawn and extends further than necessary to correct the alleged violation of his federal rights.

**IV.    Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's declaration and explanation for filing additional exhibits, filed February 22, 2011, are STRICKEN from the record; and
2. Plaintiff's motion for injunctive relief, filed May 27, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:    September 6, 2011**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE