**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR LEONEL PICART, | CASE NO. 1:11-cv-00157-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| A. ENONMEH, et al., | (ECF No. 26) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Hector Leonel Picart ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the first amended complaint, filed September 30, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.     Discussion

Plaintiff brings this action against Defendants California Department of Corrections and Rehabilitation ("CDCR"), Enenmoh, Juarez, Allison, Cate, and Does 1-100, alleging deliberate indifference in violation of the Eighth Amendment and violations of the Americans With Disabilities Act, for failure to refer Plaintiff to a specialist for his Tourette's Syndrome, denial of orthopedic shoes and physical therapy, and the delay in medical and mental health treatment for Plaintiff's neurological condition. Plaintiff is seeking injunctive relief and monetary damages.

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### A.     Liability

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff may not bring suit against the CDCR seeking monetary damages. "The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief

sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996). The CDCR is a state agency entitled to Eleventh Amendment Immunity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Additionally, government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. Plaintiff has failed to state a claim for relief under section 1983 because he has not linked any named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

To the extent that Plaintiff is attempting to state a claim based upon a policy or custom, a suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. Liability for failure to act requires that Plaintiff show that the "employee violated the plaintiff's constitutional rights;" the agency "has customs or policies that amount to deliberate indifference;" and "these customs or policies were the moving force behind the employee's violation of constitutional rights." Long, 442 F.3d at 1186.

///

**B.     American's With Disabilities Act**

Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted); Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Id.; Simmons, 609 F.3d at 1022. The treatment or lack of treatment of a plaintiff's disability does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (ADA claim cannot be based upon medical treatment decisions); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Plaintiff's claims in this action are based upon lack of treatment and are not cognizable under the ADA.

**C.     Deliberate Indifference**

Plaintiff's first cause of action alleges a denial of medical care under the Fourteenth Amendment. Since Plaintiff is a convicted prisoner, his claims of inadequate medical treatment arise under the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."' Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in

4

further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

### D. Injunctive Relief

Plaintiff seeks a preliminary and permanent injunction ordering defendants to stop ineffective medical treatment and provide Plaintiff with proper medication to treat his medical condition and comprehensive neurological treatment. A plaintiff cannot bring an individual suit seeking injunctive and equitable relief from alleged unconstitutional prison conditions that is within the boundaries of an existing class action. Fleming v. Schwarzenegger, No. 08-05011 CW, 2010 WL 3069349 *2 (N.D. Cal. Aug. 4, 2010); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Long v. Collins, 917 F.2d 3, 4-5 (5th Cir. 1990); Goff v. Menke, 672 F.2d 702 (8th Cir. 1987); Groseclose v. Dutton, 829 F.2d 581, 584 (6th Cir. 1987). Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of an existing class action "must be made through the class representative until the class action is over or the consent decree is modified." McNeil, 945 F.2d at 1166. If Plaintiff wants to submit a complaint regarding his medical treatment, he may contact the Federal Receiver.[1]

### E. Rule 18

Plaintiff brings this action attempting to name over 100 defendants and alleging multiple unrelated claims which may not pursued in the same action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ.

---

[1] Plaintiff may contact J. Clark Kelso, Receiver, c/o California Department of Corrections and Rehabilitation, Controlled Correspondence Unit, P. O. Box 4038, Sacramento, CA 95812-4038.

P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

### F. Amended Complaint

Finally, in his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. (See Form Complaint, § IV, enclosed with this order.) Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

## III. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed September 30, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 15, 2012**          /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE